STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-08-276

MARK JOHNSTON,

Plaintiff

v.

**ORDER AND DECISION**

MAINE ENERGY RECOVERY COMPANY,
LIMITED PARTNERSHIP,
            Defendant

The plaintiff Mark Johnston is a resident of Saco who resides near the defendant's trash to energy plant, has been a public official in Saco, and operates a business in Saco. He has for many years expressed his concerns about the odor that the plant produces and has been active in repeated efforts to eliminate or lessen the intensity of and frequency of the offensive smell.

## INITIAL COMPLAINT

Mr. Johnston initially filed a complaint for nuisance seeking injunctive relief. The complaint did not indicate whether it was based on theories of a public or private nuisance or whether it was based on a statute from the legislature or the common law from court decisions. The defendant, noting these ambiguities, filed a motion for a more definite statement which was granted.

## AMENDED COMPLAINT

The plaintiff filed an amended complaint for nuisance based on two Maine statutes, 17 M.R.S.A. §2701 and §2802 and upon the common law doctrine of a private nuisance. The defendant responded with a motion to dismiss arguing that the common

law private nuisance claim did not allege, as is required for this type of claim, that there had been a reduction in the market value of Mr. Johnston's home based on a substantial and unreasonable interference with his land. See *Charlton v. Town of Oxford* 2001 ME 104, ¶36, 774 A.2d 366, 377. The motion likewise argued that the claimed facts did not fit the precise requirements of either of the statutory claims in the amended complaint.

The defendant additionally correctly argued that 17 M.R.S.A. §2701 provides that, "A person injured in his comfort, property or the enjoyment of his estate by a common and public or a private nuisance may maintain against the offender a civil action for his damages, unless otherwise specially provided." Mr. Johnston had not sought damages for himself rather he was attempting to serve a broader public purpose of removing what he claims is a nuisance effecting a broader public. Faced with these and other objections to the amended complaint the plaintiff chose to file a second amended complaint. Permission was granted to file the second amended complaint and the motion to dismiss the amended complaint was withdrawn.

SECOND AMENDED COMPLAINT

The second more detailed amended complaint was filed. This complaint stated the problems that Mr. Johnston had experienced with odors from the plant for approximately 10 years and his extensive and persistent efforts over about 20 years to find a solution. The second complaint was based on two statutes, 17 M.R.S.A. §2701 and 17 M.R.S.A. §2702. Pursuant to Section 2701 Mr. Johnston sought damages while pursuant to Section 2702 he sought an abatement of the nuisance, which is another term in this situation for an injunction, requiring the incinerator to be shut down if the problems were not fixed within six months of any court order.

A motion to dismiss the second amended complaint has been filed, briefed and argued.

## SECTION 2701

While section 2701 on its face appears as a comprehensive statute which allows "Any person injured in his comfort, property or enjoyment of his estate by a common and public or a private nuisance..." to seek damages in a civil action, the opinions of the Maine Supreme Judicial Court have interpreted the statute more narrowly as a statute which provides a remedy but does not create a separate basis for liability. *Charlton*, at ¶¶22-35 and *Johnson v. Whitten*, 384 A.2d 698, 702 (Me. 1978) have established, see *Charlton* at ¶25, that "... statutory causes of action pursuant to Title 17 M.R.S.A. §2701 are limited to those nuisances delineated in the statute." See 17 M.R.S.A. §2741 and §§ 2791-2808. Those include, in §2741, places where prostitution, the illegal sale of alcohol or the sale of illegal drugs occurs. Sections 2791 through 2808 list a variety of particular nuisances including the dumping of oil, §2794, the manufacturer of gunpowder, §2796, the possession of poisonous snakes, §2799, spite fences, §2801, and miscellaneous nuisances in §2802 such as a "building ... that, by noxious exhalations, offensive smells or other annoyances, becomes injurious and dangerous to the health, comfort or property of individuals or of the public ..."

The provisions in Section 2802 related to smells, however, apply only to public nuisances which are to be prosecuted by government officials. See *Cyr v. Ruotolo*, 1985 Me. Super. LEXIS 371 (Lipez, J. December 27, 1985.) Mr. Johnston cannot enforce section 2802 as a public nuisance and he therefore has no separate statutory basis to establish liability which would then, under Section 2701, potentially permit the award of damages.

## SECTION 2702

Mr. Johnston's second claim in the second amended complaint is based upon 17 M.R.S.A. §2702 which states in relevant part, "When on indictment, complaint or action any person is adjudged guilty of a nuisance, the court, in addition to the fine imposed, if any, or to the judgment for damages and costs for which a separate execution shall issue, may order the nuisance abated or removed at the expense of the defendant." This section could provide an additional remedy if a nuisance, based on another statute or the common law, was established. Since no legally recognized basis for establishing liability has otherwise been presented in the second amended complaint the request under Section 2702 for the remedy of an abatement is not authorized.

## CONCLUSION

The nuisance laws contain a complex mix of court decisions and statutes and sometimes confusing terminology attempting to address both ancient and modern concerns and the conflicting needs of an industrial society and individual and public rights to a degree of quiet, safety, peace and freedom from offensive smells. These nuisance laws, in the context of a long operating regulated industrial facility unfortunately located near commercial establishments and residences, do not easily provide the remedies that Mr. Johnston has persistently sought. Those remedies, if warranted, are better addressed through regulation, negotiation, eminent domain or legislation.

The entry is:

Second amended complaint is dismissed with prejudice but without costs.

Dated:     April 16, 2009

Paul A. Fritzsche
Justice, Superior Court

Eric Cote, Esq. - PL
David Barry, Esq. - DEF

4